IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| EDWIN B.P.[1],<br><br>Plaintiff,<br><br>v.<br><br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | CIVIL NO. 21-1383 (GLS) |

**OPINION AND ORDER**

Pending before the Court is Plaintiff counsel's request for attorney's fees under Section 406(b) of the Social Security Act, 42 U.S.C. § 406(b)(1), in the amount of $11,310.00. Docket No. 20. For the reasons discussed below, Plaintiff counsel's Section 406(b) petition is **GRANTED IN PART and DENIED IN PART,** provided that the fees previously awarded by the Court under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), be refunded to Plaintiff.

**I.   Background**

Plaintiff signed a contingency fee agreement with Attorney David L. Torres-Vélez which established that, if Plaintiff succeeded in his claim, the Court could order the Social Security Administration ("SSA") to pay attorney's fees pursuant to the EAJA. Docket No. 20-3. The agreement also established that Section 406(b) fees could be requested and capped at 25% of past due benefits awarded to Plaintiff and his family. Id.

In August 2021, Plaintiff's counsel filed a complaint seeking review of the Commissioner of Social Security's ("Commissioner") denial of Plaintiff's disability benefits. Docket No. 2. The Commissioner replied and subsequently moved the Court to remand Plaintiff's case to the SSA for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Docket Nos. 13 and 14. The Court issued an Order granting the Commissioner's request and entered Judgment remanding Plaintiff's claim. Docket Nos. 15 and 16. Plaintiff moved for attorney's fees under the EAJA. Docket No. 17. The parties reached an agreement for the payment of those fees in the amount of $2,000.00. Docket No. 18. The Court then

---

[1]   Plaintiff's last name is omitted for privacy reasons.

1

granted Plaintiff's request for attorney's fees under the EAJA pursuant to the agreement between the parties. Docket No. 19.

On March 6, 2023, the SSA issued a Notice of Award ("NOA") granting Plaintiff past due benefits of $78,476.00 for June 2016 through January 2023, of which $7,200.00 were paid to counsel for work related to the second hearing held at the administrative level. Docket Nos. 20-2; 22.

On March 22, 2023 — sixteen (16) days after the NOA was issued — Plaintiff's counsel requested the payment of attorney's fees pursuant to Section 406(b). Docket No. 20. Plaintiff's counsel argues that Plaintiff's past due benefits are $78,476.00 without legal fees, and 25% of that amount was withheld for legal fees, that is $19,619.00. Docket No. 20 at ¶ 6-7. Plaintiff's counsel requests $11,310.00 in attorney's fees which is lower than Section 406(b)'s 25% cap. Docket No. 20 at ¶¶ 9-10. Plaintiff's counsel sustains that his request is reasonable because it is significantly lower than the 25% established in the contingency fee agreement and he adequately represented Plaintiff in court proceedings. Id. The Commissioner asserts that the motion for attorney's fees under Section 406(b) was timely filed and that the requested amount is reasonable. Docket No. 22. The Court pauses to consider reasonableness and concludes that the attorney's fees requested are to be minimally reduced to account for administrative tasks.

## II.   Discussion

Attorneys who successfully represent a Social Security benefits claimant may be awarded attorney's fees under the EAJA or Section 406(b). Under the EAJA, the prevailing party may be awarded reasonable attorney's fees and expenses if the Government's position in the litigation was not "substantially justified". See 28 U.S.C. §2412(d)(1)(A); (d)(2)(A). The fees are calculated based on the time expended and the attorney's hourly rate. Id. In turn, Section 406(b) provides that attorneys' fees may be granted if the request is reasonable and does not exceed 25% of past due benefits awarded to the claimant. 42 U.S.C. §406(b)(1)(A). Unlike petitions under the EAJA, which are payable by the SSA, Section 406(b) fees are payable "out of, and not in addition to, the amount of past-due benefits" awarded to claimant. Id.; see also Gisbrecht v. Barnhart, 535 U.S. 789, 792 (2002). If fee awards are claimed under both the EAJA and Section 406(b), the attorney must refund the claimant the amount pertaining to the smaller fee. Gisbrecht, 535 U.S. at 796.

Local Rule 9(d)(2) establishes that a party seeking attorneys' fees under Section 406(b) has thirty (30) days after counsel's receipt of the original, amended, or corrected NOA to file the Section 406(b) petition. L. CV. R. 9(d)(2). Plaintiff's counsel filed his request well within the thirty (30) days of the NOA, which was issued on March 6, 2023. Having decided that Plaintiff counsel's request for Section 406(b)

fees is timely, the Court must delve on its reasonableness. Gisbrecht, 535 U.S. at 807. Contingency fee agreements are "the primary means by which fees are set for successfully representing Social Security claimants in Court". Id. at 791, 807. However, when a petition under Section 406(b) is made, courts are called to make an independent review of contingency-fee agreements to make sure that reasonable results are obtained. Id. Reasonableness is determined "based on the character of the representation and the results the representative achieved." Id. at 808; see also Roldán-Urbina v. Comm'r of Soc. Sec., 2022 WL 34663, at *2 (Jan. 4, 2022). When analyzing reasonableness, the Court considers whether: (1) the representation provided by the attorney was substandard, (2) the attorney can be deemed responsible for any delays in the resolution of the case, or (3) the contingency fee is disproportionately large in comparison to the amount of time spent by the attorney working on the case. Gisbrecht, 535 U.S at 807-08. Courts should reduce fees when these are "inordinately large" vis-à-vis counsel's efforts in the case. Id. If there is some "unearned advantage" for the attorney, the fee may be considered a windfall and should be disallowed. Id. See also Jeter v. Astrue, 622 F.3d 371, 377 (5th Cir. 2010); Siraco v. Astrue, 806 F.Supp.2d 272, 276 (D. Me. 2011). The Court's duty here is to make sure that Plaintiff's counsel is reasonably compensated for the efforts of his own making without losing sight that Section 406(b) fees are withheld from a disabled person's benefits.

Plaintiff's counsel requests a total of $11,310.00 in attorney's fees. Docket No. 20. In support of his petition, he submits proof that he devoted 18.85 hours to this case at a rate of $600.00 per hour. Docket No. 20-1. Furthermore, he sustains that the amount requested is proper because it does not exceed the statutory cap of 25% or the contingency fee agreement with Plaintiff. And because the case was resolved in his client's favor. Id.

There is no question that Plaintiff achieved a favorable result as the case was remanded to the SSA and an award of past due benefits was obtained. Docket Nos. 15 and 19. Nothing in the record suggests that Plaintiff's counsel unreasonably delayed proceedings or that his representation was in any way improper or substandard. The fees requested by counsel do not exceed the statutory cap. And the hourly rate of $600.00 is reasonable. See Carrasquillo-Rosa v. C'mm'r of Soc. Sec., 2022 WL 3312974, at *4 (D.P.R. Aug. 11, 2022) (an award of $600.00 to $700.00 per hour is reasonable); Santiago Díaz v. C'mm'r of Soc. Sec., 2022 WL 420443, at *2 (D.P.R. Feb. 11, 2022) (granting counsel attorney's fees in at a rate of $600.00 per hour). Further, a review of the docket reveals that Plaintiff's counsel performed substantive work, such as drafting the complaint, reviewing transcripts, and meeting with Plaintiff to discuss letters,

court orders and further steps. Docket No. 20-1. This justifies 15.85 hours of judicial work requested by Plaintiff's counsel.

Nonetheless, a minimal reduction is warranted. Counsel reported 2 hours for the "prepar[ation] [of] service of process and transport[ing] the summons to the post office." Id. However, "transporting" summons is akin to a delivery service and not substantive. One hour of those is to be reduced under Gisbrecht. See Vázquez v. C'mm'r of Soc. Sec., 2023 WL 4285991, at *6 (D.P.R. June 30, 2023) (quoting Gisbrecht, 535 U.S. at 808). The Court also notes that Plaintiff's counsel includes in his billable hours chart the time spent "prepar[ing] EAJA motion" and "prepar[ing] 406[b] [m]otion," 1 and 2 hours, respectively. Docket 20-1. The First Circuit has not addressed whether an attorney should be compensated for time spent preparing the motions for fees under the EAJA and Section 406(b). Nevertheless, there is consensus among courts that the hours claimed for preparing the EAJA fees are reasonable. See Mann v. C'mm'r of Soc. Sec., 2019 WL 8358980, at *3 (S.D.N.Y. Apr. 6, 2020); Amburgey v. Colvin, 2016 WL 2859611, at *2 (E.D. Ky. May 16, 2016); Kelly v. Bowen, 862 F.2d 1333, 1334 (8th Cir. 1988); Trichilo v. Sec. of HHS, 823 F.2d 702, 707 (2d Cir. 1987). On the other hand, courts have disfavored compensation for time spent preparing the motion for fees under Section 406(b). See Amburgey, 2016 WL 2859611, at *2; Craig v. Sec. Dep't of Health and Human Servs., 864 F.2d 324, 328 (4th Cir. 1989). The Court thus finds that a reduction of 2 hours for time billed for the preparation of the Section 406(b) motion is also warranted.

It is the Court's view that, given the travel of this case, the requested fee of $11,310.00 should be reduced to reflect a reasonable fee for the services rendered. There is no mathematical formula for calculating a reduced fee. Using its independent judgment and for the reasons explained above, the Court reasons that an award of $9,510.00 (a three-hour reduction) is a fair compensation for the work performed.

### III. Conclusion

The Court finds that Plaintiff counsel's Section 406(b) petition is timely, but a reduction in the requested fee is warranted. Plaintiff counsel's Section 406(b) request is **GRANTED in part and DENIED in part**. Plaintiff's counsel is granted $9,510.00 in attorney's fees. Plaintiff's counsel is ordered to refund Plaintiff the amount of $2,000.00 previously awarded under the EAJA.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 16th day of October 2023.

s/Giselle López-Soler
GISELLE LÓPEZ-SOLER
United States Magistrate Judge